Case No. 23-15911

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HEY, INC., Petitioner-Appellee,

v.

TWITTER, INC., Defendant-Appellee,

v.

JOHN DOE 1 and JOHN DOE 2, Respondents-Appellants

Appeal from United States District Court for the Northern District of California
Civil Action No. 4:22-mc-80034-DMR (Mag. Judge Donna M. Ryu)

### PETITIONER-APPELLEE'S ANSWERING BRIEF

Junji Suzuki
**Marshall Suzuki Law Group, LLP**
230 California St, Ste 415
San Francisco, CA 94111
Telephone   (415) 618-0090
Facsimile   (415) 618-0190
junji@marshallsuzuki.com

*Attorney for the Petitioner-Appellee, hey, inc.*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioner-Appellee states that there is no parent corporation and no publicly held corporation owns 10% or more of its stock.

Dated: October 17, 2023         Respectfully Submitted,

                                        */s/ Junji Suzuki*
                                        Junji Suzuki (CA Bar No. 184738)
                                        **Marshall Suzuki Law Group, LLP**
                                        230 California St, Ste 415
                                        San Francisco, CA 94111
                                        Tel: (415) 618-0090
                                        Fax: (415) 618-0190
                                        Email: junji@marshallsuzuki.com

# TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ................................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...................1

SUMMARY OF ARGUMENT ......................................................................1

STANDARD OF REVIEW ............................................................................2

ARGUMENT ..................................................................................................2

    I.    Petitioner-Appellee's Application Meets All of The Requirements Under 28 U.S.C. § 1782 and Intel, Including The Third Statutory Requirement "Interested Party" ........................................................2

    II.    The District Court Properly Raised Recent Opinions Under *Zuru*, *Takada*, and *Takagi* and Properly Avoid Applying *Highfields* Test.3

    III.    Conclusion ................................................................................5

STATEMENT OF RELATED CASES ..........................................................6

CERTIFICATE OF COMPLIANCE ..............................................................7

CERTIFICATE OF SERVICE .......................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Burlington N. & Santa Fe Ry. v. United States*,
    556 U.S. 599 (2009)...................................................................................4

*City of Oklahoma City v. Tuttle*,
    471 U.S. 808 (1985)...................................................................................3

*Four Pillars Enters. Co. v. Avery Dennison Corp.*,
    308 F.3d 1075 (9th Cir. 2002) ...................................................................2

*Highfields Capital Mgmt. L.P. v. Doe*,
    385 F. Supp. 2d 969 (N.D. Cal. 2004) ......................................................4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)................................................................................2, 3

*Kamen v. Kemper Fin. Servs., Inc.*,
    500 U.S. 90 (1991).....................................................................................4

*Takagi v. Twitter, Inc.*, No. 22-mc-80240-VKD,
    2023 WL 1442893 (N.D. Cal. Feb. 1, 2023) ............................................1

*United States v. Ameline*,
    409 F.3d 1073 (9th Cir. 2005) ...................................................................4

*United States v. Alameda Gateway Ltd.*,

    213 F.3d 1161 (9th Cir. 2000) ................................................................4

*United States v. Global Fishing, Inc. (In re Premises Located at 840 140th Ave. NE, Bellevue)*,

    634 F.3d 557 (9th Cir. 2011) ..................................................................1

*Zuru, Inc. v. Glassdoor, Inc.*,

    614 F. Supp. 3d 697 (N.D. Cal. 2022) ....................................................1

**STATUTES**

28 U.S.C. § 1782 .............................................................................passim

28 U.S.C. § 1291 .......................................................................................1

## JURISDICTIONAL STATEMENT

The district court had jurisdiction under 28 U.S.C. § 1782. This Court has jurisdiction under 28 U.S.C. § 1291. *United States v. Global Fishing, Inc. (In re Premises Located at 840 140th Ave. NE, Bellevue)*, 634 F.3d 557, 567 (9th Cir. 2011).

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Did the district court abuse its discretion in finding that Petitioner-Appellee, hey, inc. ("hey") is an interested party under 28 U.S.C. § 1782?

2. Did the district court abuse its discretion in raising the legal opinion under *Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697 (N.D. Cal. 2022) and *Takagi v. Twitter, Inc.*, No. 22-mc-80240-VKD, 2023 WL 1442893 (N.D. Cal. Feb. 1, 2023) by *sua sponte*?

## SUMMARY OF ARGUMENT

The district court properly found that hey is an interested party under 28 U.S.C. § 1782 and properly raised the legal opinion under *Zuru* and *Takagi*. Therefore, the district court did not abuse its discretion in denying Defendant-

1

Appellee, Twitter Inc. and Movants-Appellants, John Doe 1 and John Doe 2 ("Does")' motion to quash to challenge the subpoena (3-ER-175; 2-ER-153), and its well-reasoned order should be affirmed.

## STANDARD OF REVIEW

An order by a magistrate court or district court concerning 28 U.S.C. § 1782 is reviewed by the Court for abuse of discretion. *See, e.g., Four Pillars Enters. Co. v. Avery Dennison Corp.*, 308 F.3d 1075, 1078 (9th Cir. 2002).

## ARGUMENT

**I. Petitioner-Appellee's Application Meets All of The Requirements Under 28 U.S.C. § 1782 and Intel, Including The Third Statutory Requirement: "Interested Party"**

The Does agree that all of the statutory requirements under 28 U.S.C. § 1782 and all of the discretionary factors under *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) have been met, except for the third requirement that tests if the application is made by "any interested person." Therefore, the only point at issue here is whether hey is an "interested party" or not.

As the Does quote from *Intel* in their opening brief, "litigants are most

2

common example of interested person[,]" and the litigants before foreign and international tribunals are typical interested parties. *Intel*, 542 U.S. at 256. hey contended in its Ex Parte Application (3-ER-289) and Opposition and Response to Motion to Quash (2-ER-59) that hey intends to bring a lawsuit in Japan against the person(s) associated with the subject Twitter accounts as soon as the person(s)'s identity has been ascertained. Therefore, hey is clearly an interested person under 28 U.S.C. § 1782.

In addition, the Does have failed to refer to any standard of review applicable to this point. They do not argue that the district court abused its discretion in finding hey to be an interested person, nor do they cite any authority. The district court properly found that hey is clearly an interested person under 28 U.S.C. § 1782.

## II. The District Court Properly Raised Recent Opinions Under *Zuru*, *Takada*, and *Takagi* and Properly Avoided Applying *Highfields* Test

The Does argue that the district court abused its discretion when it raised issues that were not contended and had been waived by hey. Even if hey had waived the argument, which is not accurate, it would not bar a court from

3

considering those arguments. See *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 815-16 (1985). Regardless of whether the parties argued a particular issue or not, a court "ha[s] the authority to identify and apply the correct legal standard." *United States v. Alameda Gateway Ltd.*, 213 F.3d 1161, 1167 (9th Cir. 2000) (citing *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991)). The district court properly raised the arguments and found that "*Highfields* does not apply." 1-ER-7.

The Does cite Justice Ginsburg's dissenting opinion in *Burlington N. & Santa Fe Ry. v. United States*, 556 U.S. 599 (2009) in support of their argument. However, a dissenting opinion is not binding authority. *United States v. Ameline*, 409 F.3d 1073, 1083, fn. 5 (9th Cir. 2005). In addition, while the Ginsburg dissenting opinion was based on the premise that a party had been denied a fair opportunity to counter an argument, it is clear that the Does here were well aware that the applicability of the *Highfields* test was at issue when they argued that the factors for the test were not met. *Highfields Capital Mgmt. L.P. v. Doe*, 385 F. Supp. 2d 969 (N.D. Cal. 2004). Therefore, Justice Ginsburg's opinion is not persuasive in this case and should not have any bearing on the outcome

4

5

here.

## III. Conclusion

For all the foregoing reasons, Petitioner-Appellee hey respectfully requests that the Court deny the appeal and affirm the order of the district court denying the motion to quash.

Dated: October 17, 2023  Respectfully Submitted,

 */s/ Junji Suzuki*
Junji Suzuki (CA Bar No. 184738)
**Marshall Suzuki Law Group, LLP**
230 California St, Ste 415
San Francisco, CA 94111
Tel: (415) 618-0090
Fax: (415) 618-0190
Email: junji@marshallsuzuki.com

## STATEMENT OF RELATED CASES

Petitioner-Appellee is not aware of any related cases pending in this Court.

Dated: October 17, 2023

                                          */s/ Junji Suzuki*
                                          Junji Suzuki (CA Bar No. 184738)
                                          **Marshall Suzuki Law Group, LLP**
                                          230 California St, Ste 415
                                          San Francisco, CA 94111
                                          Tel: (415) 618-0090
                                          Fax: (415) 618-0190
                                          Email: junji@marshallsuzuki.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. 32(g)(1), the undersigned counsel, certify that this Petitioner-Appellee's Answering Brief is proportionately spaced, has a typeface of 14 points or more, and contains 781 words of text, exclusive of the exempted portions of the brief.

Dated: October 17, 2023

                                           */s/ Junji Suzuki*
                                           Junji Suzuki (CA Bar No. 184738)
                                           **Marshall Suzuki Law Group, LLP**
                                           230 California St, Ste 415
                                           San Francisco, CA 94111
                                           Tel: (415) 618-0090
                                           Fax: (415) 618-0190
                                           Email: junji@marshallsuzuki.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Petitioner-Appellee's Answering Brief was filed electronically with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system and served on this date to all participants in the case who are registered CM/ECF users by the appellate CM/ECF system:

James Jonathan Hawk
White & Case LLP
555 S Flower Street
Suite 2700
Los Angeles, CA 90071
213-620-7700
Email: jhawk@la.whitecase.com
**Counsel for Twitter, Inc.**

Carlos Makoto Taitano
MFPR Roppongi Azabudai Building, 11th Floor
1-8-7 Roppongi
Minato-ku Tokyo 106-0032, Japan
(671) 777-0581
Email: makoto@taitano.us.com
**Counsel for John Doe 1 and John Doe 2**

Dated: October 17, 2023

                                                           */s/ Ryosuke Togi*
                                                           Ryosuke Togi